IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE G. MINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-1937-SMY |
| | ) |
| CENTRAL MANAGEMENT SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Maurice G. Miner alleges employment discrimination based upon race, pursuant to Title VII of the Civil Rights Act of 1967, 42 U.S.C. §2000e-5 (Doc. 2). Now pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2) (Doc. 17). Plaintiff did not respond to the motion. For the following reasons, the Motion is **GRANTED**.

### Background

Plaintiff filed his Complaint on June 6, 2023 (Doc. 2). He subsequently filed a Motion for Service of Process at Government Expense (Doc. 6) which was denied by the Court on June 28, 2023 (Doc. 8). Plaintiff took no further action on this case after entry of that order.

The Court issued an Order to Show Cause on January 23, 2024, ordering Plaintiff to show cause why the action should not be dismissed for failure to timely serve the defendant (Doc. 9). Plaintiff responded to the Order to Show Cause on January 30, 2024 (Doc. 11), and the Court issued an order on January 31, 2024, finding that Plaintiff established good cause for failing to timely serve Defendant; Plaintiff was then ordered to serve Defendant within 45 days (Doc. 12).

Because Plaintiff failed to file any proof of service as ordered, the Court issued an order on April 8, 2024, ordering Plaintiff to show cause why the action should not be dismissed for failure to prosecute (Doc. 13). Plaintiff filed a response on April 16, 2024, indicating that he had served Defendant via certified mail to the Illinois Department of Central Management Services in Chicago, Illinois and had emailed an individual named Dina Ninto (Doc. 14).

Defendant has now filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2), seeking dismissal of Plaintiff's Complaint for failing to timely serve the defendant and with no good cause existing for further extending the time for service under Federal Rule of Civil Procedure 4(m).

## Discussion

Pursuant to *F.R.C.P.* 12(b)(5), a party may assert a defense to a claim for relief by motion for insufficient service of process. Fed. R. Civ. Pro. 12(b)(5). When the defendant files a motion to dismiss pursuant to Rule 12(b)(5), the plaintiff bears the burden of proving there was proper service. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Under Rule 4(c), the summons and complaint must be served by someone who is at least 18 years old and not a party. Fed. R. Civ. Pro. 4(c)(2). A state governmental organization that is subject to suit must be served either by delivery of a copy of the summons and complaint on the chief executive officer or delivery of summons through that specific state's law. Fed. R. Civ. Pro. 4(j)(2). Pursuant to Illinois state law, in the case of public, municipal, governmental and quasi-municipal corporations, summons may be served on the president or clerk or other officer corresponding thereto. 735 ILCS 5/2-211.

Here, Plaintiff has failed to effectuate legal service of process on Defendant. Plaintiff asserts that he sent proof of service and summons to Defendant via certified mail, that Defendant

signed for delivery, and that he also sent a copy of the Complaint to Defendant via electronic mail to a Dina Ninfo. However, neither method of serviced attempted by Plaintiff complies with Rule 4 or Illinois Code of Civil Procedure Section 5/2-211.

Rule 4(m) permits a court to extend the time for service of process if the plaintiff can show good cause for failure to serve the defendant within 90 days after filing suit. Fed. R. Civ. Pro. 4(m). Here, Plaintiff did not serve Defendant within 90 days. In fact, Defendant has not been legally served as of this date. Plaintiff did not attempt service until prompted by this Court with the first Order to Show Cause. Even after the Court granted Plaintiff an additional 45 days within which to serve the defendant, he failed to effectuate proper service consistent with both federal and state rules.

Plaintiff failed to respond to the defendant's motion to dismiss and has provided no basis on which the Court can find excusable neglect or good cause for failing to effectuate legal service of process. As such a further extension of the time to do so is not warranted. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

## Conclusion

For the foregoing reasons, Defendant Central Management Services' motion to dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: June 20, 2024**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**